IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC L. RAMBERT, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 22-3509 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ZAKEN; THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| ALLEGHENY; THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| PHILADELPHIA; and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                    November 22, 2022

The *pro se* petitioner is a prolific filer who has filed numerous habeas petitions challenging

his convictions and sentences entered in the Court of Common Pleas of Philadelphia County in

1983 and in the Court of Common Pleas of Allegheny County in 1987. The petitioner has now

filed yet another habeas petition under 28 U.S.C. § 2254, which he again challenges his sentences

in those cases via a federal habeas petition filed in a federal district court. As discussed below, the

instant petition is a second or successive habeas petition, which the court must dismiss for lack of

subject-matter jurisdiction because the petitioner did not first obtain authorization from the Third

Circuit Court of Appeals before filing it.

## I.     PROCEDURAL HISTORY AND BACKGROUND

The *pro se* petitioner, Eric L. Rambert ("Rambert"),[1] filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2254, which the clerk of court docketed on August 29, 2022. *See* Doc.

---

[1] Although in the instant petition the petitioner refers to himself as "Eric L. Rambert," he identified himself as "Eric X. Rambert" in his other actions. Despite the change of the name in the caption, the petitioner is the same person. *See,*

No. 1. In the petition, Rambert indicates that he is challenging his judgments of conviction entered in *Commonwealth v. Rambert*, No. CP-51-CR-625331-1983 (Philadelphia Cnty. Ct. Com. Pl.) and *Commonwealth v. Rambert*, No. CP-02-CR-2765-1987 (Allegheny Cnty. Ct. Com. Pl.). *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF p. 1, Doc. No. 1.

Regarding these two criminal actions, on November 21, 1983, Rambert pleaded guilty to rape, robbery, and burglary in the Court of Common Pleas of Philadelphia County, all relating to an incident where he broke into the home of a 75-year-old woman, robbed her, and violently raped her. *See* Docket, *Commonwealth v. Rambert*, No. CP-51-CR-625331-1983 (Philadelphia Cnty. Ct. Com. Pl.); *Commonwealth v. Rambert*, No. 3634 EDA 2017, 2018 WL 4402132, at *1 (Pa. Super. Sept. 17, 2018). On the same date as his guilty plea, the trial court sentenced Rambert to an aggregate term of imprisonment of a minimum of ten years to a maximum 25 years. *Rambert*, 2018 WL 4402132, at *1; Pet. at ECF p. 1. It appears that Rambert has served the maximum sentence on that offense. *See Rambert*, 2018 WL 4402132, at *2 (addressing appeal from denial of Rambert's tenth petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act filed in No. CP-51-CR-625331-1983, and noting that "[Rambert's] maximum sentence of twenty-five years appears to have been completed" (citation omitted)); *Commonwealth v. Rambert*, No. 2442 EDA 2021, 2022 WL 2840522, at *3 (Pa. Super. July 21, 2022) ("Here, based on our review of the record, we agree with the Commonwealth that [Rambert] does not meet any of the foregoing eligibility requirements [for state post-conviction relief] as he had completed his 10 to 25 years' prison sentence sometime in 2008, more than a decade before he filed the instant petition.").

---

*e.g.*, Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF pp. 20, 21 (signing petition as "Eric X. Rambert"); Notice of Inquiry at ECF p. 1, Doc. No. 6 (identifying himself as "Eric X. Rambert/Eric L. Rambert").

Even if Rambert has served his maximum sentence on his Philadelphia convictions, he remains imprisoned in a state correctional institution because he was also convicted of assault by a prisoner, riot, and conspiracy in the Court of Common Pleas of Allegheny County in 1987. *See* Docket, *Commonwealth v. Rambert*, No. CP-02-CR-2765-1987 (Allegheny Cnty. Ct. Com. Pl.); *Commonwealth v. Rambert*, No. 1395 WDA 2018, 2019 WL 1513167, at *1 (Pa. Super. Apr. 5, 2019). In that same year, the Allegheny Court of Common Pleas sentenced Rambert to an aggregate sentence of six to 25 years' imprisonment. *See Rambert*, 2019 WL 1513167, at *1; Pet. at ECF p. 1. The sentencing court ordered that this sentence would run consecutive to his prior sentence. *See Rambert v. Overmyer*, Civ. A. No. 17-42E, 2018 WL 1320374, at *1 (W.D. Pa. Feb. 1, 2018) (describing sentence), *report and recommendation adopted by* Civ. A. No. 1:17cv42, 2018 WL 1353313 (W.D. Pa. Mar. 14, 2018). It appears that per the Commonwealth of Pennsylvania Department of Corrections' calculations, Rambert has a minimum release date of June 2, 1999, and a maximum release date of June 2, 2033. *See id.* (referencing release dates); *Rambert v. Krasner*, Civ. A. No. 18-cv-4874, 2019 WL 3294118, at *1 (E.D. Pa. May 28, 2019) (indicating calculation of sentence), *report and recommendation adopted by* Civ. A. No. 18-4874, 2019 WL 3288271 (E.D. Pa. July 22, 2019).

In the instant petition, Rambert generally contends that he is being unlawfully detained past his maximum sentence because his sentences are wrongly aggregated. *See* Pet. at ECF pp. 5–7, 9–11. He seeks his release from prison. *See id.* at ECF p. 20.

## II.   DISCUSSION

This is not Rambert's first habeas proceeding. As this court previously noted, Rambert has filed numerous habeas petitions in this district challenging his convictions and sentence in the Court of Common Pleas of Philadelphia County at No. CP-51-CR-625331-1983. *See* Mem. Op. at 4 and n.3, *Rambert v. Estock, et al.*, Civ. A. No. 20-3604, Doc. No. 6 (explaining that Rambert had

filed at least eleven habeas petitions challenging his sentence or underlying convictions and identifying those cases).[2] Through this habeas petition, Rambert is challenging his underlying conviction and sentence at No. CP-51-CR-625331-1983 yet again. In addition, to the extent that Rambert is also challenging his sentence or underlying convictions in the Court of Common Pleas of Allegheny County at No. CP-02-CR-2765-1987, he has also done this on numerous occasions. *See Rambert v. Estock*, Civ. A. No. 20-948, 2020 WL 6121208, at *1 (W.D. Pa. July 10, 2020) ("The instant action is at least [Rambert's] eleventh action in this Court that seeks to challenge his 1987 judgment of sentence."), *report and recommendation adopted by* Civ. A. No. 20-948, 2020 WL 6119478 (W.D. Pa. Oct. 16, 2020), *certificate of appealability denied sub nom. by Rambert v. Superintendent Pine Grove SCI*, C.A. No. 20-3181, 2021 WL 1732517 (3d Cir. Mar. 3, 2021). At bottom, regardless of whether Rambert is challenging both cases or one of the cases, the instant petition is subject to the authorization requirements of 28 U.S.C. § 2244(b).[3]

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a petitioner cannot file a second or successive petition for habeas corpus relief in a district court without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Benchoff v. Colleran*, 404 F.3d 812, 816

---

[2] In Civil Action No. 20-3604, this court dismissed Rambert's impermissibly filed second or successive habeas petition on September 14, 2020. *See Rambert v. Estock, et al.*, Civ. A. No. 20-3604, Doc. Nos. 6, 7. Rambert appealed from this decision on September 22, 2020. *See id.*, Doc. No. 8. On March 16, 2021, the Third Circuit denied Rambert's request for a certificate of appealability. *See* Docket, *Rambert v. Superintendent Pine Grove SCI, et al.*, No. 20-3151 (3d Cir.).

[3] Rambert also appears to have challenged the aggregation of his 1983 and 1987 sentences on at least two other occasions. *See Rambert v. Mooney*, Civ. A. No. 15-1088, 2018 WL 4178184, at *1 (W.D. Pa. July 26, 2018) (explaining that Rambert filed habeas petition "claiming that the Pennsylvania Department of Corrections . . . improperly aggregated [his] 1987 sentence[] with [his] 1983 sentence[]" and pointing out that he "made a similar challenge to his sentence calculation in 2011 in *Rambert v. Shannon*, Civ. A. No. 3:CV-11-1370, 2012 WL 3137893, at *1 (M.D. Pa. Aug. 1, 2012), which was rejected), *report and recommendation adopted by* No. 2:15cv1088, 2018 WL 4153753 (W.D. Pa. Aug. 29, 2018).

(3d Cir. 2005) ("As a procedural matter, § 2244(b)(3)(A) establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996))). If the petitioner fails to first obtain approval from the appropriate court of appeals, a district court lacks subject-matter jurisdiction to consider the second or successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his...'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

"Section 2244 . . . does not define what constitutes a 'second or successive' petition." *Benchoff*, 404 F.3d at 816; *see also Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a second or successive application], it does not define what is meant by 'second' or 'successive.'" (alteration to original)). Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'" *Benchoff*, 404 F.3d at 817 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) ("This may have been the second time that respondent had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)."). If, however, "a prisoner has filed a previous habeas petition that was adjudicated on the merits, he may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals." *In re Stitt*, 598 F. App'x 810, 811 n.1 (3d Cir. 2015). In addition, the second or successive "doctrine . . . bar[s] claims that ***could have been raised*** in an earlier habeas corpus

petition" but were not raised by the petitioner. *Benchoff*, 404 F.3d at 817 (emphasis added) (citations omitted).

After reviewing the instant habeas petition, the court concludes that it is a successive habeas petition. As indicated above, Rambert cannot file this successive petition seeking habeas corpus relief without first seeking and receiving approval from the Third Circuit Court of Appeals. *See Benchoff*, 404 F.3d at 817. Rambert has neither sought nor obtained an order from the Third Circuit allowing this court to consider the merits of this successive habeas petition. Accordingly, this court does not have subject-matter jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002) (explaining that section 2244 "limits the authority of the district court to consider second or successive petitions without an order of the court of appeals").

If "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139; *see* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."). When determining whether to transfer a habeas action to the court of appeals, the district court should "consider whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision." *Lee v. Lane*, No. 1:15-CV-2195, 2017 WL 3167410, at *3 (M.D. Pa. June 23, 2017) (citations omitted); *see Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (per curiam) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or

successive' petitions based upon newly discovered evidence or a new rule of constitutional law."
(citation omitted)).

The relevant habeas petition in this case is 28 U.S.C. § 2244(b)(2), which provides as
follows:

> (A) the applicant shows that the claim relies on a new rule of constitutional law,
> made retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously
> through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as
> a whole, would be sufficient to establish by clear and convincing evidence that, but
> for constitutional error, no reasonable factfinder would have found the applicant
> guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Here, as Rambert has not identified his current habeas petition as a
successive petition, he understandably does not attempt to explain how his petition could qualify
as a proper second or successive petition under 28 U.S.C. § 2244(b)(2). Nevertheless, the court
notes that none of his claims involve a "new rule of constitutional law, made retroactive to cases
on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §
2244(b)(2)(A). In addition, he has not alleged that "the factual predicate for the claim[s] could not
have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2),
or even attempted to identify any new evidence. While this court expresses no opinion about the
merits of Rambert's claims, *see Hatches*, 381 F. App'x at 137 ("[T]his inquiry as to the factual
predicate of Hatches' claims did not require—and the District Court did not express—any opinion
on the merits of the claims."), the court finds that the interests of justice do not warrant transferring

this matter to the Third Circuit. Accordingly, the court dismisses this matter without prejudice for lack of subject-matter jurisdiction.[4]

### III.    CONCLUSION

For the above-stated reasons, the court will dismiss without prejudice Rambert's petition for habeas corpus relief under section 2254 for lack of subject-matter jurisdiction.[5]

The court will enter a separate order.


BY THE COURT:



/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] This court can raise issues concerning the court's subject-matter jurisdiction *sua sponte*. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) (explaining that courts have independent obligation to determine whether subject-matter jurisdiction exists, even in absence of challenge from any party). In addition, the court must dismiss any petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. Dist. Cts.

[5] The court will also decline issuing a certificate of appealability because Rambert has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[W]hen a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim . . . a COA may issue only of the petitioner shows that: (1) 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Pabon v. Superintendent, SCI-Mahanoy*, 654 F.3d 385, 392 (3d Cir. 2011) (citation omitted). Here, reasonable jurists all would agree that this court properly dismissed Rambert's habeas petition as second or successive and filed without authorization.